■ ASSAF IMPORTS, LTD., INC., Doing Business as ETI-QUETTE, et al., Respondents, v 20 WEST 38TH STREET ASSOCIATES, Appellant. — Order entered March 21, 1983 in Supreme Court, New York County (Richard K. Lane, J.) which, *inter alia,* granted a preliminary injunction against defendant's removing or disposing of certain chattels of plaintiffs, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of allowing defendant to move the chattels, upon notice to plaintiffs, to another location at the same address; directing an expeditious hearing on the merits; limiting the duration of the injunction to the conclusion of that hearing; and the order is otherwise affirmed, without costs. Plaintiffs were locked out on an eviction order which, it is alleged, was obtained "under questionable circumstances" by the defendant landlord. Thereafter plaintiffs brought this replevin action, and a temporary restraining order (TRO) issued. At the hearing a few procedural defects were observed in plaintiffs' writ and Special Term properly allowed a

continuance for the rectification of these technical errors. There was no abuse of discretion in Special Term's requiring a $10,000 undertaking and continuing the TRO. However, we note that there exists the possibility of unnecessary economic harm to defendant if it is not allowed to move the chattels to a secure space at the same location. We therefore modify the order accordingly, as indicated, with the further directive that the adjudication of plaintiffs' claims be had forthwith. All parties benefit by a speedy resolution. Furthermore, the injunction having been granted for a limited purpose, its duration also should be specifically limited. Concur — Ross, J. P., Carro, Asch, Milonas and Kassal, JJ.